ROY L. THAYER, Appellant, *v.* JOSEPH A. LEGGETT and Others, Respondents.

Third Department, December 28, 1917.

**Partition — trusts — action by purchaser upon sale in partition to have renewal of lease secretly obtained by tenant in common canceled or to have interest thereunder held in trust — evidence.**

Action by the purchaser upon a sale in partition of a building and of the leasehold rights of the tenants in common to have declared null and void a renewal of the lease secretly obtained by one of the tenants in common pending the sale in partition or to have granted a decree that any rights or interests under such lease be held in trust for the benefit of the plaintiff. Evidence examined, and *held*, that a judgment in favor of the defendant should be reversed and a new trial granted.

APPEAL by the plaintiff, Roy L. Thayer, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Albany on the 26th day

of June, 1917, upon the decision of the court after a trial
before the court without a jury.

*Henry A. Strong [Isaiah Fellows* of counsel], for the appellant.

*John T. Norton,* for the respondents.

LYON, J.:

The plaintiff, who was the purchaser upon a sale in par-
tition of a building, and of the leasehold rights of the tenants
in common in the parcel of land upon which the building stood,
seeks by this action to have declared null and void a renewal
of the lease obtained by one of the tenants in common pending
the sale in partition, which renewal lease was taken in the
name of a corporation which was a party to the partition action,
and of which the cotenant was the president and a stock-
holder; and in the event of the failure of the plaintiff to obtain
such relief, to have granted a decree adjudging that any right,
title and interest so obtained be adjudged to be held in trust
for the benefit of the plaintiff as the purchaser upon such sale
of the rights of all the tenants in common.

The material facts are undisputed. By instrument of date
April 30, 1885, Charles F. North leased of the Cohoes Com-
pany for the period of ten years a parcel of land in the city
of Cohoes upon which in 1886 he constructed the four-
story and basement brick building which is the chief subject
of this controversy. North continued to occupy the build-
ing, paying the yearly rent of $100 and taxes until 1899 when
he sold the building with the written consent of the Cohoes
Company to John Leggett, who continued to occupy it,
paying the rent to the Cohoes Company until the time of his
death which occurred, in 1908. Under the will of John
Leggett, the life use of the property passed to his widow and
the remainder to his three children, Joseph A. Leggett, Lovella
Barnes and Adella Bissell. His widow died February 24,
1914. During her lifetime the building, as well as all the
other property embraced in the partition action, was leased
by her to John Leggett & Son, Inc. Upon the day of her
death Joseph A. Leggett instituted a partition action for
the sale of this building and of the real property belong-
ing to the estate of his father, in which action Adella

Bissell and Harold Barnes and Hazel Thayer, the two children of Lovella Barnes, who had died during the lifetime of her mother, John Leggett & Son, Inc., and others were defendants. Harold Barnes sold his interest in the estate to Hazel Thayer, the wife of the plaintiff herein, and at the time of the entry of the interlocutory judgment in June 1915, the ownership of the property embraced in the partition action was equally vested in Joseph A. Leggett, Adella Bissell and Hazel Thayer. The interlocutory judgment directed that as to the property in controversy there be sold at public auction " All the estate, right, title and interest of the parties to the suit therein, whether present or future, vested or contingent, of dower, curtesy or otherwise, and the rights to which any other person might hereafter become entitled in said premises. * * * " The property in question was advertised for sale as " The estate for years, and all the right, title, interest and estate of which John Leggett died seized in the land, building and premises situated in the City of Cohoes, County of Albany and State of New York, on the south side of Courtland street, and occupied by the above named defendant John Leggett & Son, being the same premises mentioned in a certain written instrument bearing date the 23rd day of January, 1889, made by Charles F. North to the said John Leggett and therein described as follows: All that brick building by me owned, situated on the south side of Courtland street in the City of Cohoes, Albany County, State of New York, easterly and northeasterly from the office of Morrison, Caldwell & Page, together with all the right of occupancy I have to the lands on which said building stands. * * * "

Two or three adjournments of the sale were had from the date first named, August 3, 1915. All the property in Albany county was sold September 13, 1915, and the property in question was bid off by the plaintiff herein for $305. Final judgment was entered October 30, 1915, and conveyances thereupon made by the referee. It thereafter appeared that Joseph A. Leggett had obtained from the Cohoes Company for John Leggett & Son, Inc., a lease of date August 1, 1915, for the period of five years from that date, executed by the Cohoes Company, August twentieth, and by John Leggett & Son, Inc., August thirty-first, under which the former

leased to the latter for the same yearly rental of $100 and taxes, the same lands by the same description as in the lease from the Cohoes Company to North. At the time of the partition sale a notice, furnished by the attorney of record for Joseph A. Leggett in the partition action, was read by the referee making the sale, and copies thereof handed to prospective buyers stating the terms and conditions of the North lease of 1885, and of the erection of the building upon said land by North during the term of his tenancy, of the transfer of the building and the right of occupancy of said land by North to John Leggett in 1899, and the consent of the Cohoes Company to said transfer; also containing a statement that said lease, transfer and consent contained no reservation or agreement touching the removal of the building. The notice also stated that the bidder, advised of these facts, assumed all risk as to the title, if any, that might be conveyed upon the sale to the building mentioned. However, no notice was then given of the making of the lease of August 1, 1915, although Joseph A. Leggett was present at the sale. The plaintiff was wholly ignorant at the time of the sale of the making of the lease of August first. It does not appear, however, whether the cotenants of Joseph A. Leggett consented to or had any knowledge or information of the execution of said lease. Thereafter the plaintiff brought this action for the purposes first set forth herein.

Upon the trial it appeared that about the 1st day of August, 1915, Joseph A. Leggett stated to an officer of the Cohoes Company that the estate wished to sell the property at auction, and that having no term specified in their lease the property would not sell for the estate as well as it would if the Cohoes Company gave them a new lease for as long a term as that company would wish to do so. Through the means of such statement the lease of August first was obtained. The trial court dismissed the complaint, holding that the plaintiff had no cause of action under the allegations and proofs in the case, whereupon the plaintiff took this appeal.

During the twenty years which intervened the expiration of the North lease and the making of the lease with John Leggett & Son, Inc., in 1915, no extension or renewal of the North lease had been made, but North, John Leggett and his

Third Department, December, 1917.          [Vol. 180.

devisees held over year by year under the terms of the original lease. So far as the evidence indicates there was no reason to believe that the Cohoes Company would not allow the successor in title of the building to continue to hold over for an indefinite period. The making of the lease by that company in August, 1915, is confirmatory of that belief. It was said in the case of *Robinson* v. *Jewett* (116 N. Y. 40, 51): " Those who are in possession of lands under a lease have an interest therein beyond the subsisting term usually called the tenant's right of renewal. * * * As between third persons, the law recognizes this interest as a valuable property right, and the renewal as a reasonable expectancy of the tenants in possession. * * * The authorities are numerous where courts of equity have recognized the right of renewal so far as to decree that new leases, granted upon the supposition of a right of renewal, should be for those interested in the old lease, and those who had taken the new lease have been decreed to hold it as trustee for the first lessee."

The court found that John Leggett and his wife, Mary E. Leggett, were never in possession of the lands and premises described in the complaint, or of any part thereof during their respective lifetimes, also that the legatees and devisees of John Leggett were never in possession thereof. These findings are clearly against the weight of evidence in the case. The undisputed proof is that the leasehold was transferred by North to John Leggett, the conveyance of which was received in evidence upon the hearing before the referee; that John Leggett devised the same to his wife, Mary E. Leggett, for life, remainder to his three children, and that Mary E. Leggett leased the same to John Leggett & Son, Inc., who were in possession during her lifetime. Furthermore, the complaint in the partition action verified by Joseph A. Leggett states in clause 3 that John Leggett died seized of the estate for years and in possession of the land, building and premises in controversy; and in his testimony before the referee he states that John Leggett & Son, Inc., had no interest in the property excepting as tenant. The referee so reported, and the interlocutory judgment so found, and also that the defendants, other than the three heirs at law before named, and the wife of Joseph A. Leggett who had an inchoate right of dower in

his undivided one-third interest, included among whom was John Leggett & Son, Inc., had no interest therein.

Findings No. 7 and Nos. 19 to 45, inclusive, except findings 21 and 28 must be disapproved of as not warranted by the evidence; the judgment reversed, and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment reversed, on law and facts, and new trial granted, with costs to the appellant to abide the event. The court disapproves of findings of fact No. 7 and Nos. 19 to 45, inclusive, except findings 21 and 28.